UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRED SCHULTE,<br>1910 17TH Street N.W. 7th Floor<br>Washington, D.C. 20006-2606,<br><br>CENTER FOR PUBLIC INTEGRITY<br>1910 17TH Street N.W. 7th Floor<br>Washington, D.C. 20006-2606,<br><br>      Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF,<br>HEALTH AND HUMAN SERVICES,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 14-887 (JDB)<br>)<br>)<br>)<br>)<br>) |

## ANSWER FOR DEFENDANT
## DEPARTMENT OF HEALTH AND HUMAN SERVICES

In conformity with Federal Rule of Civil Procedure 12, Defendant the Department of Health and Human Services ("HHS"), by and through its undersigned attorneys, hereby files this Answer to the Complaint filed in the above-captioned action.[1]

---

[1] HHS has not yet completed the processing of documents responsive to Plaintiff's FOIA request. It intends to submit a proposed schedule governing further

1

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant states that the Court's ability to conduct its de novo review depends "upon a showing that an agency has: (1) improperly, (2) withheld, (3) agency records," thus establishing the Court's jurisdiction over the matter. *See Kissinger v. Reporters Committee For Freedom of the Press, et. al.,* 445 U.S. 136, 150 (1980); *United States Department of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989); *Grand Central Partnership, Inc. v. Cuomo,* 166 F.3d 473, 478 (2d Cir.1999); and 5 U.S.C. § 552(a)(4)(B). Because Defendant denies that it improperly withheld agency records, it denies that this Court has jurisdiction to consider Plaintiff's complaint.

## THIRD AFFIRMATIVE DEFENSE

Defendant properly withheld records identified in Plaintiffs' FOIA request in accordance with and as provided by applicable law including but not limited to the exemptions in 5 U.S.C. § 552 and 5 U.S.C. § 552a.

---

proceedings in this action after conferring with agency counsel and counsel for Plaintiffs.

## **FOURTH AFFIRMATIVE DEFENSE**

The Court lacks jurisdiction over the subject matter of this action because no agency records have been improperly withheld under the FOIA within the meaning of 5 U.S.C. § 552 (a)(4)(B).

Defendant raises any and all additional affirmative defenses available under Rule 8 and Rule 12 of the Federal Rules of Civil Procedure.

With respect to the remaining numbered Counts of the Complaint, Defendant responds as follows:

1. Paragraph 1 contains Plaintiffs' characterization of this lawsuit to which no response is required. To the extent that the paragraph contains any factual allegations, HHS denies those allegations.

2. Paragraph 2 contains conclusions of law to which no response is required. To the extent that this paragraph is deemed to contain factual allegations, HHS denies those allegations.

3. Paragraph 3 contains conclusions of law to which no response is required.

4. HHS admits the allegations in paragraph 4.

5. Because HHS lacks sufficient knowledge as to the truth of the factual allegations in this paragraph, it denies them.

6. HHS admits the factual allegations in Paragraph 6.

7. HHS admits the factual allegations in Paragraph 7. The last sentence in Paragraph 7 contains conclusions of law to which no response is required.

8. HHS admits the factual allegations in paragraph 8.

9. HHS admits the factual allegations in paragraph 9.

10. HHS admits the factual allegations in paragraph 10.

11. Paragraph 11 contains conclusions of law to which no response is required. To the extent that this paragraph is deemed to contain factual allegations, HHS admits the factual allegations in Paragraph 11.

12. Paragraph 12 contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, HHS denies paragraph 12.

The remaining paragraphs of the Complaint present Plaintiffs' prayer for relief to which no answer is required. To the extent that an answer may be required, HHS denies that Plaintiffs are entitled to any relief.

Respectfully submitted,

RONALD C. MACHEN JR.,
D.C. Bar # 447889
United States Attorney for
The District of Columbia

DANIEL F. VAN HORN,
D.C. Bar # 924092
Civil Chief

By:  /s/ Peter R. Maier
PETER R. MAIER
D.C. Bar # 966242
Special Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
Tel: (202) 252-2578
Peter.maier2@usdoj.gov

## Certificate of Service

I hereby certify that I caused a copy of the foregoing Answer to be served upon the following persons by the ECF system to:

>Peter Newbatt Smith
>CENTER FOR PUBLIC INTEGRITY
>1910 17th Street N.W. 7th Floor
>Washington, D.C. 20006-2606

on this 13th day of February, 2015.

        /s/    Peter R. Maier
PETER R. MAIER, D.C. Bar # 966242
Special Assistant United States Attorney

555 4th St., N.W.
Washington, D.C. 20530
(202) 252-2578
Peter.maier2@usdoj.gov