UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRED SCHULTE, ) | |
| ) | |
| 910 17th Street N.W. 7th Floor ) | |
| Washington, D.C. 20006-2606, ) | |
| ) | |
| CENTER FOR PUBLIC INTEGRITY ) | |
| 910 17th Street N.W. 7th Floor ) | |
| Washington, D.C. 20006-2606, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 14-887 (JDB) |
| ) | |
| UNITED STATES DEPARTMENT OF, ) | |
| HEALTH AND HUMAN SERVICES, ) | |
| Defendant. ) | |

## JOINT STATUS REPORT

Plaintiffs, Fred Schulte and the Center for Public Integrity, and Defendant the U.S. Department of Health and Human Services ("HHS") hereby file this Joint Status Report in conformity with this Court's January 15, 2016, Order. As explained in previous filings, there is no occasion now to address the briefing schedule.

1. On January 16, 2015, HHS provided its First Interim Response to Plaintiffs. See Exhibit 1.

2. On March 5, 2015, HHS provided its Second Interim Response to Plaintiffs. See Exhibit 1.

3. In conformity with this Court's March 23, 2015 Order:

    a. HHS processed 1,000 pages of records each month for April (Third Interim

1

Response), May (Fourth Interim Response) and June (Fifth Interim Response), 2015. See Exhibit 1. In conformity with preferences and priorities Plaintiffs communicated to HHS, these records chiefly concern RADV Audit Materials.

3. In conformity with this Court's June 5, 2015 Order:

    a. Plaintiffs' counsel and Agency counsel met on June 26, 2015. Counsel for the parties discussed the necessity for HHS to begin the Executive Order 12600 pre-disclosure notification process with respect to certain responsive records. Since July 2015, HHS has engaged many companies serving as Medicare Advantage Organizations (MAOs) in this process. This process requires HHS to provide pre-disclosure notification to submitters of records containing potentially confidential commercial information, where records containing such information are potentially responsive to a FOIA request. Given the large number of MAOs and the broad range of MAO responses HHS has received, this process is not yet completed, but it is nearing completion.

4. In conformity with the Joint Proposed Briefing and Production Schedule filed with this Court on July 8, 2015:

    a. On August 31, 2015, HHS provided the Sixth Interim Release, which reflected its processing of 4,257 pages. See Exhibit 1.

    b. On November 9, 2015, HHS provided the Seventh Interim Release which reflected its processing of 3,136 pages consistent with the narrowed request (discussed below). See Exhibit 1.

    c. On January 8, 2016 HHS provided the Eighth Interim Release which reflected its processing of 3,475 pages consistent with the narrowed request (discussed below). See Exhibit 1.

    d. On March 4, 2016 HHS provided the Ninth Interim Release which reflected its processing of 3,137 pages consistent with the narrowed request (discussed below). See Exhibit 1.

    e. The Tenth Interim Release is due to Plaintiffs by May 9, 2016.

    f. The Eleventh Interim Release if due to Plaintiffs by July 5, 2016.

    g. The Twelfth Interim Release is due to Plaintiffs by September 6, 2016.

5. To date, Plaintiffs have clarified and narrowed their request as follows:

    a. The request <u>excludes</u>: (i) training materials; (ii) items that are readily publicly available; (iii) data in the MARx System; and (iv) agendas or other documents that simply contain "RADV," "RADV Audit," "HCC," "EHR," "Risk Score," or similar terms, but are otherwise without substance.

    b. The request <u>includes</u>: (i) meeting materials dated after January 1, 2012 of only Cheri Rice, Jon Blum, Andy Slavitt and Marilyn Tavenner; and (ii) all correspondence, email, and other documents concerning the Medicare Advantage RADV audit outcomes of only Cheri Rice, Jon Blum, Andy Slavitt and Marilyn Tavenner.

6. The request is further limited to documents containing the following combinations of terms:

    a. "RADV" and "audit" --- including "audit," "audits," "auditing," "auditor"

3

      (any word with the first five letters being "audit");

  b. "RADV" and "overpayment" --- including "overpayments" (any word with the first eleven letters being "overpayment"); or

  c. "RADV" and "home visit" --- including "home visits" and "home visitation" (any word with the first five letters being visit).

7. The agency's files contain approximately 7,350 responsive pages that have not yet been processed for possible release to Plaintiffs. The agency also will re-process pages of RADV Audits that were already provided to Plaintiffs in a manner inconsistent with the redaction method explained in the next paragraph (for example, the Fourth and Sixth Interim Releases). It currently estimates that it will complete the release of these documents not later than September 30, 2016. Plaintiffs do not consent to CMS's proposal to complete its production of these documents by September 30, 2016, and, therefore, reserve the right to seek judicial intervention to expedite the production process.

8. The parties have resolved the outstanding issues regarding HHS's redactions of individual-level Hierarchical Condition Codes (HCC) and their corresponding labels from the RADV Audit materials. Following recent discussions between the parties, CMS revised its redaction methodology for the HCCs. Under the revised redaction methodology, Plaintiffs agree that CMS will identify rare HCCs and redact only these rare HCCs and adjacent, sequentially numbered HCCs (CMS estimates that no more than 75 individual HCCs will be redacted under this method) and their corresponding labels from the remaining Interim Releases. These HCCs and their corresponding labels will be redacted under

FOIA Exemption (b)(6). HHS will also provide revised versions of previous Interim Releases (for example, the Fourth and Sixth Interim Releases) in which HHS redacted all the HCCs and their corresponding labels.

9. Plaintiffs have communicated to HHS their objections concerning some of the material withheld or redacted by HHS, to date. HHS has provided written answers to address most of Plaintiffs' objections and has provided substitute pages, where appropriate. HHS is working to address the remaining objections, in writing, and will endeavor to respond by May 13, 2016. If the parties are unable to agree, Plaintiffs may seek relief from the Court.

10. The parties do not request Court action at this time. They respectfully propose to file a joint status report by September 15, 2016.

Respectfully submitted,

CHANNING D. PHILLIPS
D.C. Bar # 415793
United States Attorney for
The District of Columbia

DANIEL F. VAN HORN,
D.C. Bar # 924092
Civil Chief


By:  /s/ Peter R. Maier
PETER R. MAIER
D.C. Bar # 966242
Special Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
Tel: (202) 252-2578
Peter.Maier2@usdoj.gov

5

By:  /s/ Peter N. Smith  
PETER N. SMITH  
Center for Public Integrity  
910 17th Street N.W. 7th Floor  
Washington, D.C. 20006-2606  
Tel: (202) 481-1239  
psmith@publicintegrity.org